*General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

## S97A1456. BURTON v. THE STATE.
(494 SE2d 666)

FLETCHER, Presiding Justice.

A jury convicted Patrick Burton of malice murder and felony murder in the shooting death of Victor Love.[1] Burton appeals and challenges two jury instructions and the effectiveness of his trial counsel. Because the charges contain no reversible error and because Burton has not shown his counsel's performance to be deficient or harmful, we affirm.

The evidence showed that Burton, Raedel Jackson, Jerry Bell, and Jarvis Savage were playing basketball on July 16, 1994 when they decided to rob someone. The four went to Burton's house and while there, Jackson loaded a gun with bullets. The four left after Bell's mother called and asked him to return home. While taking a shortcut to Bell's home, they encountered the victim Victor Love returning from the store. Savage testified that he and Bell acted as lookouts as Burton and Jackson approached the victim. A struggle ensued and Jackson shot Love three times at close range and robbed him. The four fled and Burton and Jackson buried the gun. Burton and Jackson flagged a friend for a ride home and admitted to the friend that they had just shot someone. Burton later admitted to police that he had talked of robbing someone that day and being present when the murder occurred and he led police to the gun.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Burton guilty of the crimes charged beyond a reasonable doubt.[2]

2. Burton contends that the trial court's instructions to the jury

---

[1] The crime occurred July 16, 1994. The grand jury indicted Burton on October 20, 1994 for two counts of felony murder and one count of malice murder. The jury returned its verdicts of guilty on April 20, 1995. The felony murder counts are vacated by operation of law and the trial court sentenced Burton to life imprisonment for malice murder. Burton filed a motion for new trial on April 25, 1995, which the trial court denied on November 17, 1995. Burton filed a notice of appeal in the court of appeals on November 28, 1995. New counsel was appointed for Burton and the case was transferred to this court on October 1, 1996. This court remanded to the trial court for an evidentiary hearing on Burton's claim of ineffective assistance of counsel. On March 5, 1997, the trial court found that trial counsel provided was not ineffective and Burton filed a notice of appeal on April 3, 1997. The case was docketed in this court on June 4, 1997 and submitted for decision without oral argument on July 28, 1997.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

permitted the jury to find Burton guilty based on his mere presence. A review of the trial court's charge reveals that the trial court correctly charged that mere presence at the scene of a crime will not authorize a finding of guilty and that the state bore the burden of proving beyond a reasonable doubt the defendant's knowledge of and intentional participation in the crime. Burton also contends the trial court erred in giving the "two equal theories" charge disapproved by the court of appeals in *Langston v. State*.[3] The trial court, however, correctly charged the statutory language of O.C.G.A. § 24-4-6, on direct and circumstantial evidence, on reasonable doubt and grave suspicion. Viewed as a whole, we do not find reversible error in the charge.

3. After a review of the whole record, we find no merit in Burton's contention that his trial counsel was ineffective.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 1998.

*Derek H. Jones,* for appellant.

*Thomas J. Charron, District Attorney, Andrew J. Saliba, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.

---

[3] 208 Ga. App. 175, 178 (430 SE2d 365) (1993).

[4] Burton contends his trial counsel was ineffective in failing to seek a plea bargain, failing to have voir dire and opening and closing statements transcribed, failing to request a *Jackson-Denno* hearing, beginning his motion for directed verdict in the jury's presence, failing to object to the trial court's instructions, failing to poll the jury, arguing the motion for new trial without the benefit of the trial transcript, filing the appeal in the court of appeals, failing to pursue the alternative theory that the death was drug-related, opening the door to gang-related evidence, failing to object to inadmissible evidence regarding Savage's juvenile case; allowing the transcript of Savage's juvenile proceeding to go out with the jury; calling co-defendant Bell to the stand, and failing to object to two of the trial court's charges. See *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984) (to show ineffective assistance of counsel, defendant must show deficient performance and harm).