## S99A1245. STAFFORD v. THE STATE.
### (523 SE2d 307)

SEARS, Justice.

The appellant, James Stafford, appeals from his convictions and sentences for the felony murder of Jami Carter, for the aggravated assault of Michael Barnett, and for driving with an unlawful blood-alcohol level.[1] On appeal, Stafford contends, among other things, that the evidence is insufficient to support his conviction for felony murder, and that he received ineffective assistance of counsel. Finding no merit to these, as well as the remainder of, Stafford's contentions, we affirm his convictions.

---

[1] The crimes occurred on the evening of April 15-16, 1998. Stafford was indicted during the September 1998 term of the grand jury for the felony murder of Carter; for the aggravated assault of Carter; for the aggravated assault of Michael Barnett; for driving with an unlawful blood-alcohol level; and for driving under the influence as a less safe driver. The felony murder count of the indictment alleged the aggravated assault of Carter as the underlying felony for felony murder. On December 18, 1998, a jury found Stafford guilty of all five counts of the indictment. On December 22, 1998, the trial court sentenced Stafford to life in prison for felony murder; to 20 consecutive years in prison for the aggravated assault of Barnett; and to 12 months in prison for driving with an unlawful blood-alcohol level, to be served concurrently with the sentence for the conviction for the aggravated assault of Barnett. The court merged the conviction for the aggravated assault of Carter with the conviction for the felony murder of Carter, and merged the conviction for driving under the influence as a less safe driver with the conviction for driving with an unlawful blood-alcohol level. The court reporter certified the transcript on January 1, 1999, and Stafford filed a motion for new trial on January 4, 1999. The trial court denied Stafford's motion for new trial on April 7, 1999. Stafford filed his notice of appeal on April 19, 1999, and the appeal was docketed in this Court on May 21, 1999. The appeal was submitted for decision on briefs on July 12, 1999.

The evidence would have authorized a rational trier of fact to find that on the night of April 15-16, 1998, Stafford saw Jami Carter driving in her car with Michael Barnett, and mistakenly thought that Carter was a girl named Kelly Gervin. Stafford was angry with Gervin because she had left Stafford earlier in the evening to be with her boyfriend. When Stafford saw Carter, he attempted to stop her car, and began screaming at her. Carter drove away from Stafford, but Stafford began chasing Carter around Chatham County in a high-speed chase that sometimes exceeded 100 miles per hour. Stafford attempted to run Carter's car off the road on several occasions, and crashed into Carter's car several times. Carter eventually lost control of her car and crashed into a guardrail. Carter was thrown from the car onto the highway, and there was evidence that Stafford drove over the victim, and continued driving. Carter died as a result of her injuries. Barnett also received injuries in the crash, but survived. Shortly after the incident, Stafford was arrested by police. Stafford was unsteady on his feet, had slurred speech, and the smell of alcohol on his breath. Blood-alcohol tests revealed that Stafford had a blood-alcohol level of between .141 and .149.

Stafford was convicted and sentenced for the felony murder of Carter (with the aggravated assault of Carter serving as the underlying felony), for the aggravated assault of Barnett, and for driving with an unlawful blood-alcohol level. After his conviction, Stafford obtained new counsel, and filed a motion for new trial contending that he had received ineffective assistance of trial counsel. The trial court denied the motion, and Stafford has now filed this appeal.

1. Contrary to Stafford's contention, we conclude that a rational trier of fact could have found Stafford guilty of the crimes for which he was convicted beyond a reasonable doubt.[2]

2. In several enumerations of error, Stafford contends that, in denying his motion for new trial, the trial court erred in ruling against his claim that he received ineffective assistance of trial counsel. However, after examining the record, we conclude that there is no merit to Stafford's ineffective assistance claim.[3]

3. In his second enumeration of error, Stafford contends that the trial court erred in failing to excuse Juror 26 for cause. The record, however, shows that this juror stated that if she were selected as a juror, she could decide the case based upon the evidence presented at trial and the trial court's instructions. Accordingly, the trial court did not abuse its discretion by failing to strike this juror for cause.[4]

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Burton v. State*, 268 Ga. 888, 889 (494 SE2d 666) (1998).

[4] See *Whatley v. State*, 270 Ga. 296, 297-298 (509 SE2d 45) (1998).

4. In his third enumeration of error, Stafford contends that the trial court erred in denying the motion for mistrial that he made during the questioning of Juror 28. During voir dire, Juror 28 stated that he was part of the rescue unit that responded to the scene of the crime in this case. When asked whether being at the scene would affect his ability to be fair and impartial, he responded that "It'd be kinda hard with what I've seen so far." Defense counsel then moved for a mistrial and "a fresh panel," contending that the juror's remark had tainted the remainder of the panel. Defense counsel, however, did not ask for curative instructions or seek to question the other jurors to determine whether they had been influenced by this remark. The trial court denied defense counsel's motion. Based upon these circumstances, we cannot conclude that the jury panel was tainted by Juror 28's remark, and we therefore hold that the trial court did not err in denying Stafford's motion.[5]

5. Because defense counsel stated on the record that Stafford did not want the trial court to charge on vehicular homicide, Stafford's contention on appeal that the trial court erred in failing to give such a charge is without merit.[6]

6. In his tenth enumeration of error, Stafford contends that he was improperly convicted of felony murder and the underlying felony that supported the felony murder conviction. Although the jury found Stafford guilty of felony murder and the underlying felony of aggravated assault, the trial court properly merged the underlying felony into the felony murder conviction, and sentenced Stafford only for felony murder.[7] Accordingly, this enumeration of error is without merit.

7. In his eleventh enumeration of error, Stafford contends that the trial court erred in denying the motion for mistrial that he made after a police officer allegedly improperly placed his character in issue. The motion for mistrial arose during Stafford's cross-examination of a police officer who was involved in pursuing the high-speed chase instigated by Stafford. Defense counsel asked the officer if he knew anything about Stafford's Ford Escort, and the officer responded that he did. Defense counsel then asked the officer, "how fast will that car go? That particular car." The officer responded that "[t]hat particular car will do in excess of 100 miles an hour." This response prompted defense counsel to ask the officer if he had "been in that car and done 100 miles an hour?" The officer responded that "I have pursued that car on a prior occasion." After this response, Stafford moved for a mistrial, contending that the response improperly placed his character in issue. The trial court denied the motion

---

[5] See *Graves v. State*, 260 Ga. 779, 780-781 (399 SE2d 922) (1991).

[6] *Brown v. State*, 269 Ga. 67, 69 (495 SE2d 289) (1998).

[7] *Hawkins v. State*, 267 Ga. 124, 125 (475 SE2d 625) (1996).

for mistrial, but instructed the jury to disregard the officer's last response. Even assuming that the officer's response was not responsive to defense counsel's question, we conclude that the trial court did not abuse its discretion in denying the motion for mistrial, as it is not apparent that a mistrial is necessary to preserve Stafford's right to a fair trial.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*Orin L. Alexis,* for appellant.

*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.

---

[8] *Glean v. State,* 268 Ga. 260, 263 (486 SE2d 172) (1997).