[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**APRIL 23, 2003**
**THOMAS K. KAHN**
**CLERK**

No. 02-11312

_____

D. C. Docket No. 01-00252-CV-4

JAMES EDWARD STAFFORD, JR.,

Petitioner-Appellant,

versus

PAUL THOMPSON, Warden,
THURBERT E. BAKER,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 23, 2003)**

Before DUBINA, RONEY and COX, Circuit Judges.

PER CURIAM:

Petitioner James Edward Stafford, Jr., a Georgia state prisoner, appeals the

district court's dismissal of his *pro se* 28 U.S.C. § 2254 petition for writ of habeas

corpus as time-barred under the one-year filing limitation set forth in § 2244(d). During oral argument, it appeared that the dispositive issue on appeal is whether the federal habeas corpus statute tolled for the 110 days between the voluntary dismissal of Stafford's first Georgia state habeas corpus petition until the filing of his second Georgia state habeas corpus petition. After careful *de novo* review of all issues presented in the briefs and at oral argument, we hold that the district court properly determined that once Stafford voluntarily dismissed his first state habeas corpus case, there was nothing left "pending" in Georgia state courts to toll the federal habeas corpus statute under § 2244(d)(2) until he filed his second state habeas corpus application 110 days later. Therefore, the federal habeas corpus statute did not toll during that 110-day period.

Stafford was sentenced to life imprisonment in Georgia state court after a jury found him guilty of felony murder, aggravated assault, and driving with an unlawful blood alcohol level. His convictions and sentences were affirmed in a direct appeal by the Georgia Supreme Court on November 1, 1999. *See Stafford v. State*, 523 S.E.2d 307 (Ga. 1999). The convictions became final ninety days later, on January 30, 2000, at the expiration of the ninety day period permitted for him to seek discretionary direct review to the United States Supreme Court.

2

After that date, Stafford had one year within which to apply for writ of habeas corpus. That one-year limitation period would be tolled, however, during the time any state court collateral proceedings were "pending," as provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Coates v. Byrd*, 211 F.3d 1225, 1226-27 (11th Cir. 2000); 28 U.S.C. § 2244. The statute explicitly sets forth that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d) (emphasis supplied); *see Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 n.2 (11th Cir. 1998).

The issue before the Court concerns exactly the number of days that Stafford did not have an application for collateral relief pending in the Georgia courts. The days when nothing was pending would count toward the one-year limitation period.

On May 8, 2000, after ninety-nine (99) days elapsed, with nothing pending, Stafford filed his first Georgia state habeas corpus petition, asserting several claims. That 99 days would reduce the one-year period to 266 days. The state court, at Stafford's request, voluntarily dismissed his claim without prejudice on July 10, 2000 during a court hearing on the state petition. One hundred and ten days (110) elapsed before Stafford filed his second state habeas corpus petition on October 24, 2000.

If there was nothing pending during that 110 days, there would only be <u>156 days</u> for him to file a federal habeas corpus petition. That second state habeas corpus petition was denied on March 9, 2001. Stafford failed to submit a notice of appeal of that denial before the expiration of the thirty days required to do so under Georgia law. Although Stafford argues otherwise, record evidence suggests that the earliest he submitted a notice of appeal to prison officials was April 10, 2001, one day after the April 9, 2001 thirty-day deadline. The statute of limitations for federal habeas corpus filing purposes therefore clearly tolled from October 24, 2000, the day of the filing of the second state habeas corpus petition to April 9, 2001, the last day of which Stafford could have timely appealed the state court's denial of that petition to the Georgia Supreme Court.

If the 110-day period is excluded from tolling, on April 9, 2001, there remained for federal habeas corpus statute of limitation purposes, the 156 days. One hundred and seventy-two days (172) elapsed, however, before Stafford submitted his § 2254 petition to prison officials for mailing on September 28, 2001. That was sixteen (16) days beyond the limitations period. Under that scenario, the petition would have been properly dismissed as time-barred under the § 2254 one-year filing limitation.

Stafford argues, however, that the 110-day period between dismissal and refiling should have been counted as tolling the federal statute.

4

Georgia's renewal statute, O.C.G.A. § 9-2-61 states the following:

9-2-61. Renewal of case after dismissal.
(a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . .

*Id*. Stafford argues that his first Georgia state habeas corpus petition remained "pending" for the purposes of § 2244(d)(2) during the interim "renewal" period provided in § 9-2-61 following the voluntary dismissal. Stated another way, Stafford argues that his first state habeas corpus petition remained "pending," and thus tolled the one-year statute of limitation under § 2244(d)(2), from July 10, 2000 –the date of the initial petition– until October 24, 2000, the date where he simply exercised his § 9-2-61 statutory option to "renew" and revive his petition.

No case law has been cited applying Georgia's renewal statute to state habeas corpus petitions. Citing to the text of the § 9-2-61, the State asserts that the statute does not toll for the 110-day interim period between the voluntary dismissal of the first state habeas corpus petition and the filing of the second state habeas corpus petition, arguing that Georgia's renewal statute only applies to civil proceedings where there is a specified "limitation" time period. Since Georgia state habeas

5

corpus proceedings do not have a limitation period for filing habeas corpus petitions, the renewal statute does not apply to such petitions. Even if such a statute would apply to state petitions, however, it does not appear that the federal limitation statute would be tolled under the federal statute when there was nothing "properly filed" in the state proceeding for the state court to consider.

The Supreme Court has set forth the purposes of the AEDPA. *See Duncan v. Walker*, 533 U.S. 167, 178-80 (2001). Those purposes include: (1) ensuring "*that the state courts have the opportunity fully to consider* federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgement," and (2) serving "the well-recognized interest in the finality of state court judgments." *Id.* at 178-79 (emphasis supplied). The Court further explained the purpose of the tolling provision of the AEDPA, "The tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period . . . by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." *Id.* at 179*; see also Bridges v. Johnson*, 284 F.3d 1201, 1203 (11th Cir. 2002).

When Stafford voluntarily dismissed his first state petition for habeas corpus on July 10, 2000, there was nothing for the state court to "consider" until he filed his second state habeas corpus claim 110 days later on October 24, 2000. Simply put,

6

there was nothing "pending" before the state court during that interim 110-day period. *Cf. Woodford v. Garceau*, ____ S.Ct. ____, 70 U.S.L.W. 4217 (U.S. Mar. 25, 2003) (No. 01-1862) (holding in a pre-AEDPA case that, although habeas corpus petitioner had previously moved for appointment of counsel and a stay of execution in federal district court, "a case does not become 'pending' until an actual application for habeas corpus relief is filed in federal court").

There is a question as to whether the statute of limitations should have tolled from April 10, 2001, the date Stafford filed a Certificate for Probable Cause ("CPC") to appeal the denial of his second state habeas corpus petition to the Georgia Supreme Court, to November 5, 2001, when the Georgia Supreme Court dismissed that CPC as untimely. The Georgia Supreme Court determined that it did not have jurisdiction to hear the CPC because Stafford's notice was untimely under Georgia's procedural rules.

*Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000) controls this issue. First, *Webster* held that this Court must give "due deference" to that procedural determination by the Georgia Supreme Court. *Id*. at 1259. Thus, we are bound by the state court's determination that the appeal was untimely. Second, *Webster* held that a petitioner's state court habeas corpus filing is not "properly filed" within the meaning of § 2244 (d)(2) if the state court has determined that the petitioner's state

court filing did not conform with the state's filing deadlines. Here, the Georgia Supreme Court determined that Stafford's CPC was untimely. Therefore, the petition was not "properly filed" and the statute of limitations thus did not toll under § 2244(d)(2) while the Georgia Supreme Court had it under consideration.

Stafford has presented several other arguments in his *pro se* briefs, his court-appointed attorney's supplemental briefs, and at oral argument. All of these issues have been carefully considered. None of those arguments merit discussion, however, as none indicate any reversible error.

AFFIRMED.