[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 06-13632
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 15, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00452-CV-WMA-RRA

FRENCHON R. HILL,

                                        Petitioner-Appellant,

versus

KENNETH JONES,
Warden,
ATTORNEY GENERAL OF THE STATE ALABAMA,

                                        Respondents-Appellees.

------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
------------------------------------------------------------------

**(June 15, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Frenchon R. Hill, an Alabama state prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. No reversible error has been shown; we affirm.

Hill was convicted of murder and attempted murder in the Tuscaloosa County Circuit Court on 30 November 2001 and sentenced to life without the possibility of parole on 7 December 2001. Hill's convictions was affirmed by the Alabama Court of Criminal Appeals on 4 April 2003; certiorari was denied by the Alabama Supreme Court on 15 August 2003.

In July 2004,[1] Hill filed a state habeas petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure in which he advanced ineffective assistance of counsel claims. Hill's Rule 32 petition was denied on 16 March 2005, after the trial court held an evidentiary hearing. Under Ala.R.App.P. 4(b)(1), Hill had a 42-day period to file a notice of appeal with the clerk of the circuit court. Within the 42-day period, Hill deposited his notice of appeal in the prison mailbox; the notice of appeal was addressed wrongly to the Alabama Court of Criminal Appeals. Hill's notice of appeal was not filed in the circuit court until 2 May 2005, after the

---

[1]The state trial court's "case action summary" lists the petition as filed on 30 July 2004; the petition indicated it was filed on 29 July 2004; and the request to proceed in forma pauperis that accompanied the petition was certified by a prison official on 26 July 2004. Determining the exact date amongst these three dates is not critical to this appeal.

42-day appeal period had expired.[2]  Respondent's response to Hill's appeal of the

denial of his Rule 32 petition made no mention of the untimeliness of the appeal.

It was not until 12 December 2005 -- after the one year statute of limitations

enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

had expired unless the limitations period was tolled by the Rule 32 appeal[3] -- that

the state appellate court dismissed the appeal as untimely.  The dismissal order

explained that the petition was untimely because it had been mailed to the wrong

court.[4]

Hill filed his section 2254 habeas petition in the federal district court on 1

March 2006.  Respondents answered that the petition was due to be dismissed

because it was not filed within AEDPA's  one-year statute of limitations.  The

parties were advised that Respondent's answer would be treated as a motion for

summary dismissal; Hill was notified of his right to submit affidavits or other

---

[2]Under the Federal Rules of Appellate Procedure, a notice of appeal mistakenly filed in the appellate court is considered to have been filed in the district court on the day that it was received by the clerk of the appellate court.  Fed.R.App.P. 4(d).  The Alabama Rules of Appellate Procedure require the notice of appeal to be filed with the clerk of the trial court; no allowance is made for a notice filed mistakenly in the appellate court.  Ala.R.App.P. 4(b)(1).

[3]Between 13 November 2003 (the date Hill's state conviction became final) and 26 July 2004 (the earliest date Hill's Rule 32 petition was filed, see n.1), 256 days of AEDPA's one-year statute of limitations elapsed.  Unless otherwise tolled, the one-year limitation period expired on 3 July 2005, 109 days after the 16 March 2005 denial of Hill's Rule 32 habeas petition.

[4]Rule 2(a)(1), Ala.R.App.P provides: "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court."

materials to show why Respondent's motion to dismiss should not be granted.

Hill responded by filing a motion to hold his habeas petition in abeyance while he returned to state court to exhaust his claims; he offered no reasons to support tolling AEDPA's statute of limitations.

The magistrate judge recommended that Hill's motion to hold his petition in abeyance be denied and that his section 2254 petition be dismissed as barred by the statute of limitations. Because Hill's state appeal of the denial of his Rule 32 petition was not properly filed, the appeal failed to toll the limitations period. See Artuz v. Bennett, 121 S.Ct. 361, 364 (2000) (an application is "properly filed" for purposes of tolling the limitations period under 28 U.S.C. § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). Hill objected; he argued that under the "mailbox rule" his notice of appeal of the denial of his state habeas petition was properly filed on 22 April 2005 when it was placed in the prison mail system.[5] Hill attached copies of motions he had made attempting to reinstate the appeal of his state habeas petition

---

[5]The "mailbox rule" allows a federal pro se prisoner's filings to be dated as of the date placed in a prison mailbox because the pro se prisoner lacks the ability to ensure that prison authorities timely forward his materials to the clerk of court. Houston v. Lack, 108 S.Ct. 2379, 2382; Fed.R.App.P. 4(c). Alabama appellate courts have applied the "mailbox rule" to the filing of state post-conviction petitions by state pro se inmates. Holland v. State, 621 So.2d 373, 375 (Ala. Crim. App. 1993) ("Following Houston v. Lack, [108 S.Ct. 2379 (1988),] we hold that a pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."); and Ala.R.App.P. 4(c) is patterned after Fed.R.App.P. 4(c).

and other documents showing that delays in the completion of the record on appeal before the state court slowed resolution of his Rule 32 appeal. The district court adopted the magistrate's report and recommendation; Hill's section 2254 petition was dismissed as untimely.

We granted Hill a certificate of appealability ("COA") on one issue:

> Whether Hill was entitled to equitable tolling of the statute of limitations from March 16, 2005, when the state trial court denied his postconviction motion, through December 12, 2005, when the state appellate court dismissed his appeal as untimely.

Hill again advances the "mailbox rule" in support of his contention that his Rule 32 appeal was properly filed. But statutory tolling is no part of this appeal;[6] the COA is limited to the issue of equitable tolling.

We have allowed equitable tolling to mitigate application of section 2244(d)'s statutory deadline under very limited circumstances:

---

[6]Had Hill addressed his notice of appeal properly to the clerk of the circuit court, he is correct that it would have been filed timely under the "mailbox rule" when received by the clerk of the circuit court because it had been placed in the prison mailbox within the required 42-day appeal period. The "mailbox rule" is designed to protect "the pro se prisoner [who] has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay," Houston v. Lack, 108 S.Ct. 2379, 2382 (1988); a pro se prisoner's act of misaddressing a court filing falls outside the umbrella of protection of the mailbox rule. And "we are bound by the state court's determination that the appeal was untimely" because "a petitioner's state court habeas corpus filing is not 'properly filed' within the meaning of § 2244(d)(2) if the state court has determined that the petitioner's state court filing did not conform with the state's filing deadlines." Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003).

5

> Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition. Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence. The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.

Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (internal quotations and citations omitted; emphasis in original).

The record discloses no circumstances sufficiently extraordinary that were both beyond Hill's control and unavoidable even with due diligence. A garden variety error -- misaddressing the notice of appeal -- caused Hill's state habeas appeal to be filed untimely. We have repeatedly denied equitable tolling predicated on a claim on attorney negligence. See Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999). As the Supreme Court has observed, "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline." Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007). We

6

appreciate Hill's error to present a circumstance no more extraordinary than mere attorney negligence; the error was both within Hill's control and avoidable by him with even minimal diligence. Either of these facts alone is sufficient to defeat equitable tolling.

We do not say that no circumstances may exist to support equitable tolling when a filing is untimely because it was misdirected. In Spottsville v. Terry, 476 F3d. 1241 (11th Cir. 2007), the petitioner was affirmatively misled by an order of the state habeas court that caused petitioner to misfile appeal materials. Because petitioner followed the instructions contained in the court's order, his improper filing was no fault of his; equity supported petitioner's claim that the limitations period tolled during the pendency of his attempted appeal of his state habeas petition. When state conduct affirmatively causes an untimely filing, an exceptional circumstance supporting tolling may be found. See Lawrence v. Florida, 421 F.3d 1221, 1226, (11th Cir. 2005), aff'd 127 S.Ct. 1079 (2007) (citing cases in support of requirement that some affirmative misconduct be shown in order to invoke equitable tolling).

Hill's error in directing his Rule 32 appeal to the wrong court is linked to no affirmative act by the state. The applicable Alabama statute directs unambiguously that notice of appeal of a criminal case be filed with the clerk of

the circuit court.  Rule 4(b)(1), Ala.R.App.P.(4)(b)(1).  Hill captioned properly his notice of appeal as being in the state of trial court; inexplicably, he mailed the notice instead to the Court of Criminal Appeals.  Hill's error is attributable to no misfeasance of the state.

We recognize that had the appeals court returned the filing as untimely upon receipt, Hill would have had ample time to file a section 2254 petition.[7]  That the state might have earlier brought Hill's mistake to his attention does not shift the burden of diligence to the state.  Where, as is the case here, no evidence has been proffered that the delay was a consequence of malfeasance on the part of the state, Hill is entitled to no equitable tolling merely because the state failed to flag his error earlier.

AFFIRMED.

---

[7]We also note that the Supreme Court has suggested that a prisoner seeking state postconviction relief might avoid an untimely federal habeas filing as a consequence of efforts to achieve state exhaustion by filing a "protective" petition in federal court requesting that federal habeas proceedings be stayed and abeyed until state remedies are exhausted.  See Pace v. DiGugliemo, 125 S.Ct. 1807, 1813 (2005). Hill filed no such protective petition before the AEDPA limitations period expired; we express no view on whether such a filing was available to Hill.