[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2008
THOMAS K. KAHN
CLERK

No. 07-10272
Non-Argument Calendar

_____

D. C. Docket No. 06-00518-CV-ORL-28-KRS

RICKY TYRONE NEAL,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 28, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Ricky Tyrone Neal, a Florida state prisoner represented by counsel, appeals the district court's denial of his 28 U.S.C. § 2254 petition. We granted a certificate of appealability ("COA") on the following issues: (1) Whether the district court erred in finding that Neal was not entitled to tolling under 28 U.S.C. § 2244(d)(2) while his motion for rehearing of the order denying his second Fla.R.Crim.P. 3.850 motion was pending where the state court concluded that the motion for rehearing was untimely filed, Fla.R.Crim.P. 3.850(g); (2) Whether the district court erred in finding that Neal was not entitled to tolling under 28 U.S.C. § 2244(d)(2) while the appeal of the order denying his second Fla.R.Crim.P. 3.850 motion was pending where the state court concluded that the appeal was untimely; (3) Whether Neal was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) while the petition for a belated appeal of his second Rule 3.850 motion was pending; (4) Whether the district court erroneously granted statutory tolling under 28 U.S.C. § 2244(d)(2) for the time during which appellant's first Fla.R.Crim.P. 3.850 motion was pending in light of Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000); (5) Whether the district court erred in failing to address Neal's argument that he was entitled to equitable tolling while his first Fla.R.Crim.P. 3.850 motion was pending.

Regarding the first issue, Neal argues that the district court erred by relying on the Florida Fifth District Court of Appeals' erroneous decision because that

2

state court incorrectly concluded that the motion for rehearing of the order denying Neal's second Rule 3.850 motion was not timely filed.

We review de novo a district court's determination that a petition for federal habeas corpus relief is time-barred under 28 U.S.C. § 2244(d). Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002). We will not consider issues and arguments raised for the first time on appeal. Nyland v. Moore, 216 F.3d 1264, 1265 (11th Cir. 2000).

Neal filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), and the provisions of that act govern this appeal. The AEDPA imposes a one-year statute of limitations for filing a § 2254 petition, which begins to run following one of four triggering events. Chavers v. Fla. Dep't of Corr., 468 F.3d 1273, 1274-75 (11th Cir. 2006). The relevant triggering event here is the date on which Neal's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The statute of limitation can be tolled, as provided in 28 U.S.C. § 2244(d)(2): "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

3

subsection." Thus, in order to toll the limitations period, a filing must be (1) an "application for State post-conviction or collateral review" (2) that was "properly filed." If these two requirements are met, the filing tolls the limitations period while it is (3) "pending."

The United States Supreme Court defined "properly filed" in § 2244(d)(2) in Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). In Artuz, the Supreme Court held that an application is: (1) "filed" when it is delivered to, and accepted by, the appropriate court officer for placement in the official record; and (2) "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. at 8, 121 S.Ct. at 363-64. Laws and rules governing filings include those prescribing the form of the document, time limits, the court and office for filing, filing fees, and other preconditions imposed on filers. Id. The Supreme Court made clear that whether an application was "properly filed" was distinct from the question of whether the claims contained in the application were meritorious and free of any procedural bar. Id. at 9, 121 S.Ct. at 364. Further, the Supreme Court has made clear that a post-conviction petition that is dismissed as untimely under state law is not "properly filed," and thus does not toll the statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).

4

The Florida District Court of Appeal's determination that Neal's motion for rehearing was untimely is given due deference from us. See Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003) (citation omitted) (holding that "this Court must give 'due deference' to [a] procedural determination by the Georgia Supreme Court. Thus, we are bound by the state court's determination that the appeal was untimely."). The exception to this deference is where a state's procedural rule is not "firmly established and regularly followed." See Siebert v. Campbell, 334 F.3d 1018, 1025 (11th Cir. 2003) (holding that "a rule governing filings must be 'firmly established and regularly followed' before noncompliance will render a petition improperly filed for the purpose of AEDPA's tolling provision.").

Because the district court properly gave due deference to the state court's procedural determination, the district court did not err in finding that Neal was not entitled to tolling under 28 U.S.C. § 2244(d)(2) while his motion for rehearing of the order denying his second Fla.R.Crim.P. 3.850 motion was pending. The state court held that Neal's motion for rehearing was untimely. Neal's factual argument – that the state court order of December 22, 2004 was not served on him until December 28, 2004 – was presented to the state court and rejected, and the state court held that the motion for rehearing was untimely, Neal v. State, 915 So.2d 746, 747 (Fla. App. 5th DCA 2005). We owe deference to the state court's

determination. Stafford, 328 F.3d at 1305. Neal has failed to demonstrate that the state court's finding and procedural ruling satisfies the Siebert exception; Neal has failed to demonstrate either that the state court's finding of fact was erroneous or that its application of the state's procedural rule was not firmly established and regularly followed.

Next, Neal argues that the district court erred in determining that Neal was not entitled to statutory tolling under § 2244(d) while his appeal of the order denying his second Rule 3.850 motion was pending, because Neal's motion for rehearing was timely. As with the motion for rehearing, the state court determined that Neal's appeal was untimely. The court held that Neal's untimely motion for rehearing did not toll the 30-day period for filing his appeal from the denial of his Rule 3.850 motion. Thus his September appeal of an order issued in December of the previous year was untimely. As discussed above, we defer to the state court's determination of timeliness of filings in the state courts. Because Neal has failed to demonstrate that the state court ruling satisfied the Siebert exception, we will defer to the state court's determination that the filing was untimely.

Third, Neal argues that he was entitled to statutory tolling under 28 U.S.C. § 2244(d) while his petition for a belated appeal was pending in the state appellate court because under Florida's Rules of Appellate Procedure, Neal had two years

6

after the expiration time for filing the notice of appeal from a final order in which to file a belated appeal. "A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Because Neal filed his petition for a belated appeal after his one-year limitation expired, the district court did not err denying Neal statutory tolling under 28 U.S.C. § 2244(d)(2) while the petition for a belated appeal of his second Rule 3.850 motion was pending.[1]

Finally, Neal argues that the district court erred by failing to address Neal's argument that he was entitled to equitable tolling. Beyond statutory tolling, the limitation period under § 2255 may be equitably tolled where the "movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling applies in § 2254 cases. See Hurley, 233 F.3d at 1298. The district court did not err when it denied Neal's argument that he was entitled to equitable tolling because Neal did not allege

---

[1] We need not address Neal's argument that the district court was correct when it tolled the time that his first Rule 3.850 petition was pending because even with that period tolled, Neal's § 2254 petition is untimely.

7

extraordinary circumstances at the time motions needed to be filled or due

diligence that would justify a finding of equitable tolling.

**AFFIRMED.**[2]

---

[2] Neal's request for oral argument is denied.