[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 99-4201

_____

D. C. Docket No. 97-07216-CV-SH

FREDERICK WEBSTER,

Petitioner-Appellant,

versus

MICHAEL W. MOORE, Secretary of
Florida Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
**(January 4, 2000)**

Before COX, Circuit Judge, KRAVITCH, Senior Circuit Judge, and PROPST[*], Senior
District Judge.

PER CURIAM:

---

[*] Honorable Robert B. Propst, Senior U.S. District Judge for the
Northern District of Alabama, sitting by designation.

Frederick Webster appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred under 28 U.S.C. § 2244(d)'s one-year limitations period. We address, for the first time in this circuit, whether a petitioner whose state petition has been dismissed as untimely may avail himself of statutory tolling for "properly filed" state petitions under § 2244(d)(2). We conclude that he may not.

## I. Background

During a botched getaway from a burglary, Webster was involved in an automobile crash, killing both the driver of his car and the innocent driver of another car. In 1989, a Florida state court convicted Webster of first-degree felony murder, second-degree felony murder, and burglary of an unoccupied dwelling, crimes for which he is currently serving concurrent sentences. In 1989, a court of appeals affirmed the first-degree murder and burglary convictions, but reversed the conviction for second-degree murder.

Webster challenged the remaining convictions in three petitions under Fla. R. Crim. P. 3.850. Of relevance to this appeal, the third of these was filed on July 19, 1995, and denied as procedurally barred; the denial was affirmed by a mandate issued September 27, 1996. On May 3, 1997, Webster filed his last state court petition, a request for habeas corpus relief under Florida's newly amended Fla. R.

2

App. P. 9.140(j).[1] The Florida appeals court denied this petition on July 8, 1997,

and Webster filed the instant federal petition on October 30, 1997. The district

court adopted the recommendation of the magistrate judge that Webster's petition

be dismissed as time-barred.[2]

## II. Discussion

It is undisputed that Webster did not file his § 2254 petition within the one-

year time period allowed by the Antiterrorism and Effective Death Penalty Act of

1996 § 101, 28 U.S.C. § 2244(d) (Supp. II 1997) (AEDPA).[3] Webster's contention

---

[1] In 1996, the Florida Supreme Court adopted Fla. R. App. P. 9.140(j)(3)(B)-(C), which permitted filing ineffective-assistance-of-appellate-counsel claims within two years following January 1, 1997. *See Amendments to the Fla. Rules of App. P.*, 696 So.2d 1103, 1107 (Fla. 1996).

[2] A motions judge of this court granted Webster a Certificate of Appealability (COA) that is consistent with the standard articulated in *Henry v. Dep't of Corrections*, 11th Cir., 1999, ___ F.3d ___ (No. 98-5089, December 15, 1999), for issuing COAs where the district court has dismissed the petition on purely procedural grounds.

[3] Under § 2244(d), state prisoners must file § 2244 petitions within one year of the latest among four determining dates. *See* 28 U.S.C. § 2244(d)(1). Of these, only the date specified in § 2244(d)(1)(A) applies directly to this case: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, that date is April 14, 1989, making the habeas filing deadline April 13, 1990. For situations in which a defendant's conviction became final before the April 24, 1996 effective date of AEDPA, however, this court has ruled that the limitations period begins running on the statute's effective date, rather than on the final conviction date indicated by applying § 2244(d)(1)(A). *See Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1211 n.4 (11th Cir. 1998) (citing *Goodman v. United States*, 151 F.3d 1335,

3

on appeal, however, is that his petition is saved by the tolling provision of § 2244(d)(2). It is not. The subsection does require tolling the limitations period during the pendency of certain state-court proceedings:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Thus, if Webster could show that his motions for post-conviction relief in the Florida court system were, either individually or in combination, (1) "properly filed" within the meaning of the tolling provision and (2) "pending" for a period of time sufficient to toll the limitations period past October 30, 1997, his federal petition would be timely. Webster offers two arguments attempting to do so.

To undergird the first of his arguments, Webster asserts that both his third 3.850 petition and his state habeas corpus petition were "properly filed" within the meaning of § 2244(d)(2). In that event, the third 3.850 petition, filed before the effective date of AEDPA, would toll the AEDPA limitations period until it was finally decided on September 27, 1996, making the federal deadline September 26, 1997. The state habeas petition, in turn, would toll the statute an additional 65

---

1337 (11th Cir. 1998)). Applying this rule extends Webster's deadline to April 23, 1997, but still does not save his October 30 petition.

4

days, extending his deadline from September 26 to December 1, 1997, making his October 30 federal petition timely.

This argument fails because Webster's third 3.850 petition, which the state trial court dismissed as procedurally barred by the two-year statute of limitations attached to Rule 3.850, *see* Fla. R. Crim. P. 3.850(b) (West Supp. 1999), was not "properly filed" within the meaning of § 2244(d)(2). Federal courts have begun to struggle with the meaning of the term "properly filed" as contemplated by the statute, and have developed different interpretive approaches. One court concluded that "properly filed" entails not only some notion of procedural propriety but also a threshold inquiry into substantive merit, *see Valentine v. Senkowski*, 966 F. Supp. 239, 240-41 (S.D.N.Y. 1997), but that decision has been recently overruled, *see Bennett v. Artuz*, 2d Cir., 1999, ___ F.3d ___ (No. 98-2452, Oct. 25, 1999) . Others have ruled that a "properly filed" state-court petition must comply only with the procedural requirements for filing, such as place, fee payment, and notice. Some opinions have clarified that these procedural formalities include state filing deadlines. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 & n.4 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3d Cir. 1998). Conversely, other cases hold that they do not include more complex state procedural doctrines relating to timeliness or repetitiveness. *See, e.g., Bennett*, ___ F.3d at ___ (ruling a state

5

petition "properly filed" even though the state court found it procedurally barred under a rule barring collateral claims that could have been raised on direct appeal); *Villegas v. Johnson*, 184 F.3d 467, 467-73 (5th Cir. 1999) (holding a state petition, dismissed as successive or as an abuse of the writ, "properly filed"); *Lucas v. Carter*, 46 F. Supp. 2d 709, 711-12 (N.D. Ohio 1999) (concluding that a petition dismissed by the state court on res judicata grounds was "properly filed"); *Souch v. Harkins*, 21 F. Supp. 2d 1083, 1084-88 (D. Ariz. 1998) (observing that a seventh state postconviction petition "complied with all filing requirements" and therefore was "properly filed" despite the state court's conclusion that the argument raised in the petition had been waived). The legislative history of the provision offers no help in evaluating these interpretations. *See Galindo v. Johnson*, 19 F. Supp. 2d 697, 705-06 (W.D. Tex. 1998) (noting the absence of any clarifying history on the question).

We perceive two questions that must be resolved to apply the "properly filed" requirement to this case. Neither has been reached in a published opinion from this circuit. The first question is whether the state petition must meet state filing deadlines in order to toll the AEDPA statute of limitation, and here we agree with the holdings of the Third and Tenth Circuits in *Lovasz* and *Hoggro* that it must. *See Hoggro*, 150 F.3d. at 1226; *Lovasz*, 134 F.3d at 148-49. The plain

6

language of § 2244(d)(2) comports with this interpretation. Moreover, we can identify in the structure of AEDPA a guiding principle for this interpretation. That structure–including AEDPA's more robust codification of the exhaustion requirement, *see* 28 U.S.C. § 2254(b), and the high degree of respect it affords state adjudications of constitutional claims, *see* 28 U.S.C. §§ 2254(d)-(e)–evinces a concern for federal-state comity closely analogous to that underlying the procedural default principles applied in federal habeas law. *See Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *Villegas*, 184 F.3d at 470-71; *Lovasz*, 134 F.3d at 148. This concern further militates in favor of requiring compliance with state filing deadlines in the context of § 2244(d)(2). *See Lovasz*, 134 F.3d at 148-49.

The second question is whether a federal court should defer to a state court's application of state filing deadlines. Again, we find the close analogy between procedural default principles and § 2244(d)(2) compelling, and we see no principled reason to apply a lesser measure of deference to the state court in the context of § 2244(d)(2) than we apply in the context of procedural default questions. We therefore conclude that the state court's holding that Webster's

Rule 3.850 petition was time-barred is due deference.[4] Thus, Webster's first argument fails.

Webster's alternative argument avoids the problems of his first by dropping the requirement that his third–untimely–3.850 petition be "properly filed." Nevertheless, it too fails. Webster relies on a new rule of appellate procedure made effective by the Florida Supreme Court on January 1, 1997. Under Fla. R. App. P. 9.140(j)(3)(B) and (C), as then amended, Florida habeas petitioners finally convicted before 1997 had until January 1, 1999 to file state habeas corpus petitions alleging ineffective assistance of appellate counsel. Webster argues that the creation of this new avenue of relief tolls the AEDPA limitations period until after a Florida prisoner has taken advantage of it. For Webster, this would mean that the AEDPA period was tolled from the January 1, 1997 effective date of the new rule through the denial of his 9.140 petition on July 8, 1997, a period sufficient to make his October 30 federal petition timely.

We cannot accept this argument as consistent with any reasonable construction of § 2244(d)(2). Under § 2244(d)(2), even "properly filed" state-

_____

[4] There is no contention in this case that the state court's rule is not "firmly established and regularly followed." *James v. Kentucky*, 466 U.S. 341, 348 (1984). Thus, we have no occasion to consider whether the state court would be due deference if the rule applied was not "firmly established and regularly followed."

court petitions must be "pending" in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. In effect, Webster argues not merely for the tolling of the period, but for its reinitiation. Section 2244(d) makes no such provision where the reason for reinitiation is creation of a new remedy under state law. Thus, Webster's second argument also fails.[5]

### III. Conclusion

For the foregoing reasons, the dismissal of Webster's petition is AFFIRMED.

---

[5] Because we find Webster's second argument inadequate even on his statement of Florida law, we need not address the State's contention that Webster's state habeas petition may have been barred by the doctrine of laches. *See McCray v. State*, 699 So.2d 1366 (Fla. 1997).