[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 06, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-11399

_____

D.C. Docket No. 99-00405-CV-AJ

GERALD TINKER,

Petitioner-Appellant,

versus

MICHAEL W. MOORE,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(July 6, 2001)**

Before BARKETT and HULL, Circuit Judges, and LIMBAUGH[*], District Judge.

BARKETT, Circuit Judge:

Gerald Tinker, a Florida prisoner, appeals the dismissal of his petition for

_____

[*] Honorable Stephen N. Limbaugh, U.S. District Judge for the Eastern District of Missouri, sitting by designation.

writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time barred. On appeal Tinker argues that his federal petition should not have been dismissed because the timely filing of his state motion for post-conviction relief tolled the federal filing period, notwithstanding that his state petition was filed after the one-year statute of limitations for federal habeas expired under § 2244(d). In the alternative, Tinker argues that, if his claim is time barred, the one-year filing period of § 2244(d) is unconstitutional as applied to him. We affirm.

## BACKGROUND

On March 21, 1995, the State of Florida charged Tinker with armed robbery, grand theft and possession of cocaine. Tinker was convicted on the robbery charge, and on January 29, 1997, the Third District Court of Appeal affirmed his conviction. Tinker v. State, 687 So. 2d 248 (Fla. Dist. Ct. App. 1997). The mandate issued on February 14, 1997.

On June 11, 1998, Tinker filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. On July 1, 1998, the state court denied Tinker's motion. The Third District Court of Appeal affirmed the denial on December 17, 1998. Tinker v. State, 727 So. 2d 936 (Fla. Dist. Ct. App. 1998). On February 9, 1999, Tinker filed his federal petition for writ of habeas corpus pursuant to § 2254.

The district court dismissed Tinker's petition as time barred, holding that the

2

limitation period to file his federal habeas petition expired on February 13, 1998, and that the filing of Tinker's state motion for post-conviction relief after that date did not toll the filing deadline. The district court then granted a certificate of appealability on the issues of (1) whether Tinker's Rule 3.850 motion tolled the AEDPA limitations period, and (2) if not, whether 28 U.S.C. § 2244(d)(2), as applied to Tinker's petition, is unconstitutional.

On appeal, we review the district court's findings of fact under the clearly erroneous standard. Cunningham v. Zant, 928 F.2d 1006, 1011 (11th Cir. 1991). Mixed questions of law and fact are reviewed de novo, as are questions of law. Jacobs v. Singletary, 952 F.2d 1282, 1288 (11th Cir. 1992).

## DISCUSSION

Petitions for the writ of habeas corpus filed pursuant to § 2254 are governed by the one-year filing limitation period established by § 2244(d). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction . . . review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Finally, § 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.2000) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (per curiam)).

Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on his direct appeal. See Jones v. State, 602 So. 2d 606, 607-8 (Fla. Dist. Ct. App. 1992). Tinker's mandate issued on February 14, 1997, and thus he had until February 13, 1998, to file his § 2254 petition, absent tolling of the limitations period. Florida Rule of Criminal Procedure 3.850(b) further provides "[a] motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence

4

became final in a non-capital case."

On appeal, Tinker first argues that his properly filed application for state post-conviction relief tolled the limitations period for his federal habeas petition. The flaw in this argument, however, is that Tinker did not file his state motion until June 11, 1998, four months after § 2244(d)'s one-year limitation period had expired. In Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 1999), we held that the argument Tinker advances is not a "reasonable construction of § 2244(d)(2)" because "even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period." Thus, a state court petition like Tinker's that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." Id. What Tinker is really arguing for is not the tolling of § 2244(d)'s limitation period, but for its reinitiation. See id. However, the statute does not provide for reinitiating under these facts, and Tinker has failed to assert any extraordinary circumstances under which tolling would be appropriate. Thus, the district court did not err in concluding that Tinker's petition is time barred under § 2244(d).[1]

---

[1] Tinker argues that § 2244(d)'s limitation period does not apply to § 2254 petitions because § 2254 does not contain a reference to any specified filing limitation and does not expressly reference § 2244. This argument is foreclosed by Supreme Court and Eleventh Circuit precedent which hold that the provisions of § 2244 apply to § 2254 petitions. See Artuz v. Bennett, 531 U.S. 4 (2000); Webster, 199 F.3d at 1257 n.3.

Alternatively, Tinker argues that if his claim is time barred, § 2244(d) is unconstitutional as applied to him because it violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2., and forces him to choose between exercising his right to meaningful access to the state courts which provide a two-year limitation period and the right to petition for federal habeas relief.

We find no merit in Tinker's argument. In <u>Wyzykowski v. Dep't of Corrections</u>, 226 F.3d 1213 (11th Cir. 2000), we said that "as a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus." <u>Id.</u> at 1217.[2] Thus, "§ 2244(d) does not *per se* constitute an unconstitutional suspension" of the writ.[3] <u>Id.</u> <u>See also</u>

---

[2] The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Despite this restriction, the Supreme Court has held that "judgments about the proper scope of the writ are 'normally for Congress to make.'" <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996) (quoting <u>Lonchar v. Thomas</u>, 517 U.S. 314, 323 (1996)). In <u>Swain v. Pressley</u>, 430 U.S. 372 (1977), the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." <u>Id.</u> at 381.

[3] Tinker also asserts that the district court erred in not holding an evidentiary hearing on his actual innocence claim or to determine whether equitable tolling should apply to this case. In <u>Wyzykowski</u>, this Court stated "that the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence" and remanded the case for "the district court do so in the first instance." <u>Id.</u> at 1218-19. We reject Tinker's argument because (1) in the district court Tinker did not present a claim of actual innocence, nor did he argue that equitable tolling applied, and (2) on appeal to this Court, Tinker argues a claim of insufficiency of the evidence, not actual innocence.

Lucidore v. New York State Division of Parole, 209 F.3d 107, 113 (2d Cir. 2000);

Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam); Miller v. Marr,

141 F.3d 976, 978 (10th Cir. 1998).  Moreover, the availability of equitable tolling

in cases "when a movant untimely files because of extraordinary circumstances

that are both beyond his control and unavoidable even with diligence," Steed, 219

F.3d at 1300 (quotation and citation omitted), ensures that § 2244's limitation is

constitutionally applied, as it was here.

Further, we reject Tinker's "impermissible choice" argument.  By virtue of

statute, Tinker is provided both a state and federal forum in which to seek post-

conviction relief.  Despite his argument to the contrary, he need not forego his state

remedy entirely in order to avail himself of the federal remedy.  However, he must

exercise it within one year of the date his judgment became final and do so in a

manner that leaves him sufficient time to timely file his federal petition. [4]

---

[4] We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period. Thus, care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition.  For example, if the federal limitation period begins to run on January 1, and the state petition is properly filed on July 1, six months of the federal limitation period has run and petitioner only has six months left from the time the state court rules on his state petition to file his federal petition.  However, should a petitioner wait to file his state petition until only a week remains before the expiration of the one year federal limitation period, he or she will only have a week left to file a federal petition before the federal limitation period has expired. Cf. Duncan v Walker, 121 S.Ct. 2120, 2127 (2001) ("Section 2263(b)(2) provides that the limitations period shall be tolled from the date on which the first petition for post conviction review or other collateral relief is filed until the final State court disposition of such petition.") (internal quotations omitted).

For all of the foregoing reasons, the judgment of the district court is

**AFFIRMED.**