Kirk WINTERS, Petitioner–Appellant,

v.

Ron EDWARDS, Warden, Respondent–Appellee.

No. 01–3061.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

Kirk Winters, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, Winters pleaded no contest to one count of aggravated murder and one count of aggravated robbery. Winters was sentenced to life imprisonment with parole eligibility after twenty years on the aggravated murder charge and a concurrent term of ten to twenty-five years of imprisonment on the aggravated robbery charge. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as being barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

In his timely appeal, Winters asserts that he should not be held to the same standards as a licensed attorney, that the statute of limitations did not expire prior to the filing of his instant petition, and that counsel's failure to perfect a direct appeal and the trial court's failure to timely appoint counsel caused a state created impediment which tolled the applicable statute of limitations.

The district court's judgment is reviewed de novo. *Bronaugh v. Ohio,* 235 F.3d 280, 282 (6th Cir.2000).

Upon review, we conclude that Winters's petition was untimely. Winters pleaded guilty to the charges of aggravated murder and aggravated robbery on April 28, 1992. On April 24, 1996, § 2244(d) became effective. Winters had one year from the effective date of the statute to file his habeas petition, or until April 24, 1997. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). Winters did not file his habeas corpus petition prior to April 24, 1997.

Winters filed his first request for post-conviction relief in the state courts of Ohio on October 20, 1997, well after the statute

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by     designation.

of limitations had expired. Although Winters attempted to challenge his conviction in the state courts of Ohio, his state court petition could not toll the statute of limitations because there was no time period remaining to be tolled. *See Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir.), *cert. denied,* 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Thus, Winters's petition is barred by the applicable statute of limitations.

■ Winters contends that his petition should be subject to equitable tolling because of his counsel's failure to file a direct appeal. The doctrine of equitable tolling can preserve a petitioner's § 2254 claim when the application of the statute of limitations found in § 2244 would be inequitable. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999).

■ Winters took no action to pursue an appeal in the state courts of Ohio until 1995, when he began writing to the trial court. Further, Winters filed nothing which could be interpreted as a post-conviction relief request during the one year grace period from April 24, 1996, until April 24, 1997. Winters waited until October 20, 1997, approximately six months after the statute of limitations expired, to file a collateral action in the state courts of Ohio. Winters has not shown how he was prevented from either filing his state action or his federal habeas corpus action within the applicable statute of limitations. Therefore, Winters is not entitled to equitable tolling.

Accordingly, we affirm the district's court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.