**Victor VASQUEZ, Petitioner,**

v.

**Phil KINGSTON, Respondent.**

No.  05–C–090.

United States District Court,
E.D. Wisconsin.

March 13, 2006.

Victor Vasquez, Waupun, WI, pro se.

Marguerite M Moeller, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, for Defendant.

## DECISION AND ORDER

RANDA, Chief Judge.

The petitioner, Victor Vasquez ("Vasquez"), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. After conducting an initial review of Vasquez's petition, the Court directed the respondent to file an answer. The respondent filed a motion to dismiss the petition as untimely and a motion to stay the filing of the answer pending the disposition of the motion to dismiss. The Court granted the respondent's motion to stay. The parties fully briefed the issues presented by the respondent's motion to dismiss, and it is now ready for resolution.

## PROCEDURAL BACKGROUND

On June 11, 2001, after a jury trial in Milwaukee County Circuit Court, Vasquez was convicted for first degree intentional homicide and for possession of a firearm by a felon, in violation of §§ 940.01(1)(A) and 941.29(2) of the Wisconsin Statutes. He was sentenced to life imprisonment and is currently incarcerated at the Waupun Correctional Institute. Vasquez's conviction was affirmed on appeal, and on June 12, 2003, the Wisconsin Supreme Court denied his petition for review.

Over a year a later, Vasquez sought post-conviction relief in Wisconsin state court. On September 10, 2004, Vasquez gave his state post-conviction petition to the prison authorities. The Wisconsin Court of Appeals received his petition on September 14, 2004, and the clerk of court indicated that it was "filed" on that date. The Wisconsin Court of Appeals denied the petition, and on January 11, 2005, the Wisconsin Supreme Court denied Vasquez's petition for review.

Vasquez filed his federal habeas petition on January 19, 2005. The respondent filed a motion to dismiss Vasquez's petition as untimely filed, which is currently pending before this Court.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody must file his federal petition within one year after his state judgment of conviction becomes "final." 28 U.S.C. § 2244(d)(1). Generally, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

■ The Court must first determine, therefore, exactly when Vasquez's state court judgment became final. On June 12, 2003, the Wisconsin Supreme Court denied his petition for review. After that, Vasquez could have filed a writ of certiorari to the United States Supreme Court, but declined to do so. Nevertheless, for the purpose of calculating when his judgment became final, the Court adds the 90–day period during which he could have filed a writ of certiorari. *See Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir.2002). Thus, because he had until September 10, 2003, to file a writ of certiorari, Vasquez's judgment became final the following day, September 11, 2003. *See id.* The AEDPA one-year statute of limitations was set to expire, therefore, on September 11, 2004. *See United States v. Marcello,* 212 F.3d 1005, 1009–1010 (7th Cir.2000) (applying the "anniversary method" of calculation).

■ However, if Vasquez "properly filed" a state post-conviction petition during the AEDPA one-year statute of limitations period, the limitations period is tolled while that action is pending in state court. 28 U.S.C. § 2244(d)(2). Vasquez submitted his petition to prison authorities on September 10, 2004, a day before his AEDPA limitation period would otherwise expire. The Wisconsin Court of Appeals, however, did not receive the petition until four days later, on September 14, 2004. The critical question, therefore, is whether a state post-conviction petition is "properly filed" when a state prisoner gives his petition to prison authorities, or when the state court receives it.

■ In order to answer this question, the Court must first determine whether state or federal procedural law supplies the definition of "properly filed" for purposes of AEDPA tolling. Under federal procedural law, the so-called "prison mailbox rule" would apply. That is, a federal habeas petition is deemed "filed" at the time a prisoner delivers it to prison authorities for forwarding to the district court. *Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir.1999). Thus, applying the federal mailbox rule, Vasquez "properly filed" his state post-conviction petition on September 10, 2004, when he gave it to the prison authorities, and one day before the one-year statute of limitations was set to expire.

Two federal circuits have applied the federal mailbox rule to situations similar to Vasquez's. The Ninth Circuit uses the mailbox rule to determine when a state habeas petition is "properly filed" because "the conditions that led to the adoption of the mailbox rule are present; the prisoner is powerless and unable to control the time of delivery of documents to the court." *Anthony v. Cambra,* 236 F.3d 568, 575 (9th Cir.2000). The Second Circuit, likewise, used the mailbox rule in *Fernandez v. Artuz,* 402 F.3d 111 (2d Cir.2005).

However, three other circuits take a different approach, and decline to extend the mailbox rule to the determination of filing dates for state post-conviction applications. *See Adams v. LeMaster,* 223 F.3d 1177, 1181 (10th Cir.2000); *Webster v. Moore,* 199 F.3d 1256, 1258–59 (11th Cir.2000); *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999). The Eleventh Circuit applied state procedural law because of the structure of AEDPA. *See Webster,* 199 F.3d at 1258. With AEDPA's codification of the exhaustion requirement and the high degree of respect it affords state adjudications of constitutional claims, AEDPA generally "evinces a concern for federal-state comity." *Id.* at 1259. Thus, according to the Eleventh Circuit, in light of the structure of AEDPA, "properly filed" in § 2244(d)(2) means filed according to the rules of state law, rather than federal law.

The Tenth Circuit reached the same conclusion. According to the Tenth Circuit, application of the mailbox rule would likely lead to the absurd result of "a state court determination that a state petition was untimely, and the federal courts tolling the federal statute of limitations for the same petition because it was 'properly filed.'" *Adams*, 223 F.3d at 1181.

▮ This Court agrees with the Tenth and Eleventh Circuits. Those conclusions have a heightened cogency in light of the United States Supreme Court's statement that when applying § 2244(d)(2), "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis removed). Of course, the applicable law governing filings of Wisconsin post-conviction petitions is Wisconsin law. Thus, it necessarily follows that courts are to apply state law when determining whether a state petition is filed for purposes of AEDPA tolling.

As indicated, the Second Circuit holds differently, positing that because Wisconsin law does not have a deadline for the filing of post-conviction filings, *the date* of the filing does not render the filing proper or improper under Wisconsin law. *See Fernandez*, 402 F.3d at 116. That is, because Wisconsin does not have a deadline for post-conviction petitions, the Wisconsin courts "never ha[d] occasion to decide whether the prison mailbox [rule] should apply to them." *Id.* Thus, according to the Second Circuit, state law is silent as to whether the date of a filing will make the filing "proper," which would allow federal courts to apply the federal mailbox rule. *Id.*

This Court finds that reasoning unpersuasive. First, even if Wisconsin law were silent about the applicability of the prison mailbox rule, it would not necessarily follow that this Court should apply federal procedural law. The Wisconsin courts, if faced with that decision, may decide not to apply the mailbox rule.

Second, that reasoning may lead to inconsistent statutory interpretations of the phrase "properly filed." It would be unreasonable to conclude that Congress understood "properly filed" to mean, in some instances, "properly filed" according to state law, and in other instances "properly filed" according to federal law. Here the Tenth Circuit's observation is correct—if federal courts applied the federal mailbox rule to determine when a state petition is properly filed, the same petition might be deemed untimely by a state court but timely filed for purposes of calculating the period of limitations in federal court. *Adams*, 223 F.3d at 1181. Application of the mailbox rule in such instances is contrary to Supreme Court precedent, *see Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005), and produces an absurd result. *See Adams*, 223 F.3d at 1181. If applying federal procedural law is precluded in instances where the state has a deadline for state habeas petitions, application of federal procedural law must be precluded in all instances. It is unreasonable to conclude that Congress intended courts to apply state procedural law in some cases, but not in others. Accordingly, this Court will apply Wisconsin law to determine when Vasquez properly filed his state post-conviction petition for AEDPA purposes.

▮ Under Wisconsin law, a document is not considered filed with the Wisconsin Court of Appeals until it is received by the clerk. Section 809.80(3)(a) of the Wisconsin Statutes provides the following:

> *All filings—general rule.* Except as provided in pars. (b) to (e), filing is not timely unless the clerk receives the papers within the time fixed for filing.

The Judicial Council Note explains that § 809.80(3)(a) "retains the general rule that a document is not filed until it is received by the clerk." Wis. Stat. § 809.80, Judicial Council Note—2002. The exceptions to this general rule do not apply here. Following Wisconsin law, therefore, Vasquez properly filed his state post-conviction petition on September 14, 2004, three days after his AEDPA one-year statute of limitations had expired.

Nevertheless, Vasquez alternatively argues that his delay in filing his state post-conviction petition should be equitably tolled. He alleges that he is unable to speak English, that he did not receive a bilingual inmate paralegal until December 2003, and that prison officials confiscated his legal files from his inmate paralegal on three separate occasions from January through August 2004, for a total of nearly four months. All of these factors, according to Vasquez, prevented him from filing his state habeas petition until September 10, 2004.

■ Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control ... prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000). In fact, while courts have equitably tolled claims brought under 28 U.S.C. § 2255, the Seventh Circuit has yet to apply the doctrine to claims brought under § 2254. The Seventh Circuit recently stated: "We rarely deem equitable tolling appropriate—in fact, we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir.2003).

■ Vasquez's difficulties with English and his paralegal's unavailability until De-

cember 2003 are not extraordinary circumstances entitling him to equitable tolling. *See Rios v. Alameida*, 102 Fed.Appx. 582, 582–83 (9th Cir.2004) (lack of Spanish-language materials and trained Spanish-speaking clerks in prison law library, plus petitioner's limited education, lack of legal knowledge and his trial attorney's errors, do not constitute extraordinary circumstances entitling petitioner to equitable tolling). Nor does the alleged confiscation of his legal files on three different occasions, for a total of nearly four months between January and August 2004, justify equitable tolling. *See United States v. Cicero*, 214 F.3d 199, 204 (D.C.Cir.2000) (finding no equitable tolling where the petitioner had given his legal papers to a jailhouse lawyer whose confinement in segregation separated the petitioner and his legal papers for some time prior to the expiration of the one-year filing period). Vasquez's claim for equitable tolling, therefore, must be denied.

Vasquez filed his state post-conviction petition three days after his AEDPA one-year statute of limitations expired. Accordingly, his federal habeas petition is dismissed as untimely filed.[1]

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Vasquez's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED.**

The clerk is directed to enter judgment and close this case accordingly.

SO ORDERED,

---

**1.** Vasquez also argues that he had reasons justifying the eight day delay between January 11, 2005, when Wisconsin denied his state habeas petition, and January 19, 2005, when

he filed his federal habeas petition. Given that his state habeas petition did not toll his AEDPA statute of limitations, his argument is moot, and the Court need not address it.