[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2011
JOHN LEY
CLERK

No. 11-10985
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-60772-DLG


JAMES POVEROMO,

                                                    Petitioner-Appellant,

                         versus

FLORIDA DEPARTMENT OF CORRECTIONS,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 29, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

The district court denied James Poveromo's petition, brought under 28 U.S.C. § 2254, for habeas corpus relief from his Florida convictions for aggravated battery, burglary of a dwelling while armed with a firearm, and carrying a concealed firearm. We granted a certificate of appealability as to one issue: whether the district court erred, in light of *Holland v. Florida,* 560 U.S. ___, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), in finding that Poveromo was not entitled to equitable tolling (to excuse the untimely filing of is petition) because attorney negligence cannot serve as a basis for equitable tolling.

Under 28 U.S.C. § 2244(d), a petitioner has one year in which to file a § 2254 habeas petition. The year begins to run on the latest of four triggering events. 28 U.S.C. § 2244(d)(1). The triggering event relevant to this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). After entry of a final judgment of conviction by a state court, the defendant has 90 days to petition the U.S. Supreme Court for a writ of certiorari. Sup.Ct.R. 13.1. If no such petition is filed, the judgment is considered final for purposes of § 2244(d)(1)(A) at the expiration of that 90-day window. *Chavers v. Sec'y, Fla. Dept. of Corr.,* 468 F.3d 1273, 1274-75 (11th Cir. 2006). The one-year limitation period for filing a § 2254 petition is tolled during times in which a properly filed

application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

However, a state application filed after the § 2244(d) limitations period has already run does not toll, as there is no limitations period remaining to be tolled. *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000).

Equitable tolling applies only where the litigant satisfies his burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.,* 560 U.S. at ___, 130 St.Ct. at 2562 (quotation omitted); *see Arthur v. Allen,* 452 F.3d 1234, 1252 (11th Cir. 2006) (holding that a petitioner must show *both* extraordinary circumstances and diligence in order to prevail). The diligence prong requires "reasonable diligence," rather than "maximum feasible diligence." *Holland* at ___, 130 S.Ct. at 2565 (quotations omitted).

Under the former law of this circuit, attorney negligence could never serve as a basis for equitable tolling. *Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008). The Supreme Court rejected this view in *Holland,* calling it "overly rigid" that an attorney's gross negligence cannot warrant tolling absent bad faith, dishonesty, divided loyalty, or mental impairment. *Holland,* 560 U.S. at ___, 130 S.Ct. at 2563-65. The Court held that while a "garden variety claim of excusable neglect," such as an attorney's "simple miscalculation" that results in a missed

3

filing deadline, does not warrant equitable tolling, "serious instances of attorney misconduct" could. *Id.* at \_\_\_, 130 S.Ct. at 2564 (quotations omitted).

A review of the district court's decision reveals that it erred in adopting the magistrate judge's report and recommendation, which stated that "the Eleventh Circuit has repeatedly held that attorney negligence is not a basis for equitable tolling." *Holland* expressly rejected that rule, and it was improper for the district court to rely upon this court's pre-*Holland* precedent. The proper analysis is to determine whether the facts show garden variety attorney negligence or serious attorney misconduct. Furthermore, the magistrate judge noted that Poveromo had not alleged that Poveromo's attorney lied to or misled him, relying again on our old rules. The magistrate judge also failed to consider Poveromo's father's affidavit, which mentioned repeated requests to the attorney that he file a Fla. R. Crim. P. § 3.850 motion before the federal limitations period ran, the sort of fact that the Supreme Court in *Holland* found relevant to both prongs of the equitable tolling analysis. Accordingly, we VACATE the dismssal of Poveromo's petition and REMAND the case to the district court with the instruction that it conduct the proper equitable tolling analysis.

SO ORDERED.