[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13596
Non-Argument Calendar
_____

D.C. Docket No. 6:08-cv-00159-MSS-GJK


HENRY LEE PETERSON,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 5, 2015)

Before HULL, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Henry Lee Peterson, now represented by counsel, appeals the district court's dismissal of his *pro se* federal habeas corpus petition as time-barred.  This Court granted Mr. Peterson a certificate of appealability ("COA") as to whether he was entitled to equitable tolling.  After review, we affirm the judgment of the district court.

I.

Mr. Peterson was convicted in 2000 of one count of capital sexual battery and sentenced to a term of life imprisonment.  The Florida Fifth District Court of Appeal affirmed Mr. Peterson's conviction and sentence on March 22, 2002.  He had ninety days, or until June 20, 2002, to petition the United States Supreme Court for a writ of certiorari.  When he failed to do so, his judgment of conviction became final on that date, which also started the clock on Mr. Peterson's one-year statute of limitations for a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).

Mr. Peterson's counsel did not file a state postconviction motion until October 13, 2003, 117 days after the federal limitations period expired.  The Florida trial court held a hearing on Mr. Peterson's postconviction motion and denied it on the merits on September 9, 2004.  Counsel for Mr. Peterson failed to timely appeal, and on July 24, 2006, Mr. Peterson filed a *pro se* petition for a belated appeal.  *See* Fla. R. App. P. 9.141(c).  The Florida Fifth District Court of Appeal granted the petition and allowed Mr. Peterson an appeal, but ultimately it

2

affirmed the trial court's denial of his postconviction motion.  The mandate for that decision issued on January 28, 2008.  Mr. Peterson filed his *pro se* federal habeas petition the following day.

The district court[1] concluded that Mr. Peterson's federal habeas petition was untimely.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Further, although the district court concluded that Mr. Peterson was diligent in pursuing his rights, it found that counsel's negligence in failing to file a timely federal habeas petition was not an extraordinary circumstance warranting equitable tolling of the limitations period.  Mr. Peterson appealed, and this Court granted him a COA on the issue of equitable tolling.

## II.

The district court did not err in concluding that Mr. Peterson diligently pursued his rights.[2]  *See Holland v. Florida*, 560 U.S. 631, 653 (2010) (stating that "reasonable diligence," not "maximum feasible diligence," is required to justify

---

[1] We refer here to the district court's second decision on the timeliness of Mr. Peterson's petition.  After the district court's first order deeming the petition untimely, this Court declined to issue a COA, but the United States Supreme Court granted certiorari and remanded to this Court for further consideration in light of *Holland v. Florida*, 560 U.S. 631 (2010).  *Peterson v. McNeil*, 562 U.S. 956 (2010).  We remanded to the district court, and it issued the order we discuss here.

[2] We review an equitable tolling claim *de novo*.  *See Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1206 (11th Cir. 2014), *cert. denied*, *Lugo v. Jones*, 135 S. Ct. 1171 (2015).

equitable tolling).  Mr. Peterson retained counsel in 2001 during the direct appeal process and instructed counsel "to proceed with [his] case to the fullest extent of the law."  Doc. 30 at 6-7.[3]  After the direct appeal process ended, counsel again was retained to file Mr. Peterson's postconviction motion.  From that time, Mr. Peterson alleged, he "continually asked what would happen if he lost this [postconviction] motion . . . and if this was the last step he could take."  *Id.* at 7.  "Counsel continually told [him] that all was well, that if this motion did not prevail, there was always the Federal courts."  *Id.*

But all was not well.  By the time counsel had filed Mr. Peterson's state postconviction motion, his federal statute of limitations was blown.  And counsel's mistakes continued.  When Mr. Peterson's state postconviction motion was denied in September 2004, he told counsel "to take the necessary steps to go further."  *Id.* Counsel did not.  Mr. Peterson was unaware that no appeal had been filed in his case until nearly two years later.  When he found out, he wrote to counsel and asked why his postconviction motion had not been appealed.  Counsel replied in July and August 2006 that he was going to proceed on Mr. Peterson's behalf by filing a federal habeas petition.  Again, counsel failed to do so.  Instead, Mr. Peterson went on alone, filing a petition for a belated appeal in September 2006. That petition was granted and, when the merits of the appeal ultimately were

---

[3] This document is Mr. Peterson's sworn response in opposition to the Secretary's request for dismissal, which he filed pursuant to an order of the district court.

denied, Mr. Peterson filed a federal habeas petition the very next day.  Mr. Peterson thus displayed reasonable diligence throughout his mishandled postconviction proceedings.

Based on Mr. Peterson's allegations, counsel's conduct amounted to gross negligence.  And, after August 2006, it may have even amounted to abandonment, as Mr. Peterson contends.  Unfortunately, Mr. Peterson's federal habeas statute of limitations had long expired by the time counsel arguably abandoned him.  The only period of time relevant to our equitable tolling analysis is from June 20, 2002 until June 20, 2003, while the statute of limitations clock was still running and there was time left to be tolled.  During this period, counsel's negligence, "however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling."  *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014).  Mr. Peterson has also failed to allege or show "bad faith, dishonesty, divided loyalty, [or any] mental impairment" by his counsel which may in certain extraordinary circumstances "form the basis of an equitable tolling argument."  *Thomas v. Att'y Gen. Fla.*, 795 F.3d 1286, 129394 (11th Cir. 2015) (discussing *Holland*, *Maples v. Thomas*, 132 S. Ct. 912 (2012), and *Cadet*).  Accordingly, we must agree with the district court that Mr. Peterson is not entitled to equitable tolling of the statute of limitations on his federal habeas petition.

III.

5

For the reasons set forth above, we affirm.

**AFFIRMED.**