[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12866
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-61021-WJZ


GEORGE LOWE,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

George Lowe, a Florida prisoner proceeding pro se, appeals the dismissal of his federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A certificate of appealabilty was granted on the sole issue of whether the district court erred in finding that Lowe's 28 U.S.C. § 2254 petition was untimely under 28 U.S.C. § 2244(d).

We review a district court's dismissal of a habeas corpus petition as untimely under 28 U.S.C. § 2244(d) de novo. *Day v. Hall*, 528 F.3d 1315, 1316 (11th Cir. 2008) (per curiam). We have also held that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002) (per curiam) (internal quotation marks omitted).

The AEDPA imposes a one-year statute of limitations for a state prisoner to file a § 2254 petition for a writ of habeas corpus, which begins to run on the date the prisoner's state judgment becomes final. *See* 28 U.S.C. § 2244(d). A state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires. *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002). Under the Supreme Court's rules, the 90-day period for filing a petition for certiorari begins to run from the date of entry of the judgment; and in the event a

2

timely petition for rehearing is filed and denied, the period begins to run from the date of the denial.  Sup. Ct. R. 13.3.

But AEDPA's limitations period may be tolled either statutorily or equitably.  A "properly filed" application for state post-conviction relief statutorily tolls the limitations period during the pendency of the application.  28 U.S.C. § 2244(d)(2).  Federal courts should defer to a state court's determination of what is "properly filed".  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  When statutory tolling is unavailable, a court may flexibly exercise its equitable powers on a case-by-case basis to toll the statute of limitations when a petitioner shows (1) that he pursued his rights diligently, and (2) that some "extraordinary circumstance" prevented a timely filing.  *Holland v. Florida*, 560 U.S 631, 649–50, 130 S. Ct. 2549, 2653 (2010) (internal quotation marks omitted).  "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing."  *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005).  The petitioner seeking equitable tolling bears the burden of showing that it is warranted.  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).

Lowe's federal habeas corpus petition, filed on April 23, 2014, was properly dismissed as time-barred by AEDPA's one year statute of limitations.  Lowe's conviction became final on March 10, 2010, 90 days after the denial of his motion

3

for rehearing on direct appeal.  At that point, he had until March 10, 2011, to file a timely § 2254 petition in federal court, absent statutory or equitable tolling.  Although Lowe filed a Rule 3.850 motion, on August 26, 2010, it did not statutorily or equitably toll the limitations period because the state court determined that it was improperly filed.

In August 2010, after the limitations period had only been running for 169 days, Lowe improperly filed a Rule 3.850 motion, pro se.  Upon filing, the state court either failed to review the motion, or reviewed the motion and found no deficiency, leaving the State with the duty to respond.  *See* Fla. R. Crim. P. 3.850.  But, it was only after the passing of 165 days—almost one half of Lowe's entire limitations period—that the State finally responded to the motion.  At that time, the State requested a dismissal on the grounds of legal insufficiency, based on minor technical deficiencies, namely, exceeding the page limit and the absence of an original signature.  These delayed objections led to a dismissal with an empty opportunity to amend, as far as the limitations period is concerned, because Lowe would not have been able to respond in time to statutorily toll the limitations period.

Had the state responded in 30 days, as is suggested, Lowe could have corrected the minor errors and eliminated the need for this case on the docket.  *See* *Spera v. State*, 971 So. 2d 754, 761.  Instead, the state's astonishing four month

4

delayed response—based on errors that could have been discovered in the most cursory of inspections—left Lowe in a precarious predicament. While Lowe maintains that his Rule 3.850 motion was "properly filed" within the meaning of § 2244(d)(2), and thus statutorily tolled the limitations period, his argument is unavailing given the deference we owe to the state court in making that determination. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Alternatively, Lowe argues that the limitations period was equitably tolled from the filing of his 3.850 motion on August 26, 2010. We disagree because Lowe did not *remain* diligent in timely filing his § 2254 petition.

This unfortunate misstep of procedure may well have been an extraordinary circumstance that contributed to the late filing of Lowe's federal habeas petition. *See Lawrence*, 421 F.3d at 1226. But Lowe did not remain diligent. Lowe failed to show that he attempted to inquire about the delay, and he still waited three months after the limitations period began running again, in January 2014, before he filed his § 2254 petition. Accordingly, the district court did not err in dismissing Lowe's petition as time-barred.

**AFFIRMED.**